### *Codwise and Ludlow* v. *Hacker.*

THE plaintiff had brought an action against the defendant for disobedience of orders. The declaration consisted of two special counts, and one for money had and received. A verdict having gone against the defendant, he, in *February* last, applied to set it aside, which being ordered, he instituted, for the recovery of his wages, money laid out, &c. a cross suit, in which the general issue only was pleaded. On this being referred, it was agreed by a consent indorsed on the plea, that every thing might be shown in evidence, in the same manner as if pleaded. At the reference the plaintiffs in this action, perceived a report would probably be given in their favour, on the money counts in this suit, if they could also be referred, and, therefore, gave notice that they would apply for permission to refer the money counts, in this cause, on agreeing to no further prosecute the special counts for disobedience,

*Riker*, district attorney, resisted the application as involving in the discussion points of law, and being made with no other intention than to endeavour to get the referees to apportion the balance they might report due between the two suits, and thus give the plaintiffs costs on both. The full effect of this motion, he contended, had already been obtained; the now

plaintiffs having, in the suit against them, set off every thing they could against *Hacker's* demands. He argued that it was plain the motion was only to avoid going to trial on the suit which they saw they must lose, because their demands on the counts they now relied on, were settled by the reference, and as to the special counts, the former decision of the court had determined those against them.

TOMPKINS, J.   Upon an affidavit of the plaintiffs, that a suit of *Hacker* against them was depending in this court, which had been referred, and that the referees, it was apprehended, were inclined to report a balance in their favour, *if the state of the pleadings would admit of it,* I granted an order in vacation, to stay the filing of the report of the referees, in the suit in which *Hacker* is plaintiff, to give the plaintiffs in this cause, an opportunity of making the present application.

Upon the state of facts now disclosed, it appears to me improper to grant the plaintiffs' motion.   By virtue of the consent indorsed upon the general issue, in the cause heretofore referred, the plaintiffs have their election to have the balance which may appear due to them, reported in their favour in that suit, or upon the trial of this cause, to recover such balance under the general counts.   The circumstance that the trial of the cause will require the discussion and decision of important principles of law, affords a strong reason against the reference prayed for.

Let the plaintiffs take nothing by their motion and pay the costs of resisting.

N. B.   Only *Tompkins* and *Livingston*, justices, were present at the application.   The latter gave no opinion, having been concerned, nor did the other judges, as they had not heard the motion.